UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BERNARD VANN, | Civil No. 10-2976 (PAM/XXX) |
| Plaintiff, | |
| v. | **ORDER** |
| DULUTH/LAKE SUPERIOR DRUG AND GANG TASK FORCE (DULUTH MINNESOTA), | |
| Defendant. | |

Plaintiff, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay any filing fee for this action, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That application is now before the Court and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> > (A) the average monthly deposits to the prisoner's account; or
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit

during the preceding six-month period was $198.98,[1] and his average balance during the same period was $372.33.  Applying the formula prescribed at § 1915(b)(1), the Court finds that Plaintiff must pay an initial partial filing fee in this case equal to twenty percent (20%) of the average balance amount, which is $74.47, ($372.33 x 20% = $74.47).  This action will not go forward until Plaintiff's initial partial filing fee of $74.47 has been paid in full.  <u>If Plaintiff elects to pursue this action, the remaining balance of the $350.00 filing fee will have to be paid in later installments.</u>  Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court on a monthly basis, as provided by § 1915(b)(2).

If Plaintiff pays his initial partial filing fee within twenty (20) days after the date of this order, the case will then go forward, and Plaintiff's complaint will then be "screened" pursuant to 28 U.S.C. § 1915A to determine whether he has stated a claim on which relief may be granted.  Only if Plaintiff's pleading survives such screening will the Court grant IFP status, and order that a summons be issued and that the Defendant be served by the United States Marshal.  If Plaintiff's complaint does not survive the initial screening process, this action will be summarily dismissed, and Plaintiff will remain liable for the entire unpaid

---

[1] The prison official who filled out the "Certificate" section of Plaintiff's IFP application has indicated that Plaintiff's average monthly deposit to his prison trust account during the preceding six months was $1193.85, but the account statement attached to the IFP application seems to indicate that the <u>total</u> amount of Plaintiff's deposits to his trust account during the preceding six months was $1193.85.  For now, Plaintiff will be given the benefit of the doubt, and the Court will assume that the information furnished in the account statement is correct, and that the <u>total</u> amount of Plaintiff's trust account deposits during the preceding six months was $1193.85.  This would mean that the average monthly deposit during that period was actually $198.98, ($1193.85 ÷ 6 = $198.98).

balance of the $350.00 filing fee.[2]  If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and this case will be dismissed, without prejudice, for lack of prosecution.  Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date of this order, Plaintiff shall pay an initial partial filing fee of not less than $74.47, failing which this action will be dismissed without prejudice.

Dated: August  11 , 2010

s/Paul A. Magnuson  
PAUL A. MAGNUSON  
United States District Court Judge

---

[2]  The Court questions whether the single named Defendant in this case, "Duluth/Lake Superior Drug and Gang Task Force (Duluth Minnesota)," is a cognizable legal entity that is suable as such.  The Court also notes that Plaintiff's complaint does not appear to describe any specific acts or omissions <u>by the named Defendant itself</u>, which allegedly violated Plaintiff's constitutional rights.  Furthermore, Defendant cannot be liable based on respondeat superior because that doctrine is not applicable in federal civil rights cases.  Plaintiff should carefully consider these observations before he commits himself to spending $350.00 to pursue this action.